# CASES

### ARGUED AND DETERMINED
#### IN THE
## SUPREME COURT
#### OF THE
## STATE OF LOUISIANA.

WESTERN DISTRICT, SEPTEMBER TERM, 1824.

## *PHILLIPS* vs. *PAXTON & AL.*

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. This action was commenced on a promissory note, executed by Paxton. Gorton's liability is averred on the ground of his being a partner of Paxton at the time the obligation was executed. Paxton suffered judgment to be given against him by default. Gorton contested his liability, and judgment being given against him he appealed.,

Articles of partnership were produced by the defendants on the trial below, by which it appears, that in the month of October, 1821, the defendants entered into an agreement to carry on the business of making saddles and harness—one of the partners (Gorton,) furnish-

The name of one of the partners, may be the *nom social* of the firm.

West'n District,
*Sept.* 1824.

PHILLIPS
*vs.*
PAXTON & AL.

ing a certain sum of money, the other contributing his industry, and also putting in some capital.

Under this agreement, it is clear, the appellant cannot be made responsible for the whole amount of the obligation sued on. The partnership, tho' called by them in the articles a "commercial and special partnership," was clearly that kind of association known to our law as a "particular partnership," in which the partner is only bound for his *virile* share, and not even for that, unless the partner who contracts in his own name were authorised to bind his associate in this manner, or it be proved the debt turned to the benefit of the partnership. *C. Code*, 390, 13, 398, 43 & 44.

The plaintiff, however, rests his right to make the defendant responsible, on ground foreign from these articles of agreement. He says they never were recorded, and that the person under whom he holds, and with whom the debt now sued on, was contracted, had no notice of them; that although the defendants, when they first associated together, may not have contemplated a general and commercial partnership, yet they subsequently altered their views: that this note was given for the

purchase of merchandise: that the appellant's consent to this purchase is proved; his participation in the management of the affairs, establishing the right on his part to participate in the profits, shewn: and lastly, that at the dissolution, a considerable part of the property and debts belonging to the firm passed into his hands.

All these facts have been proved by the evidence introduced on the trial: and the question is, whether they make the defendant liable as partner, on the note signed by Paxton. He insists they do not—and although his defence has taken a most extensive range, the only part of it, which appears to us worthy of a serious examination, is that founded on the manner the debt was contracted. The defendant relies on several articles of our code, and particularly those which declare that "the debts of the partnership are those contracted by the person who had the power to bind all the partners *in the name of the partnership.* "That the debt is presumed contracted in the name of the partnership when the partner adds to his signature that he signs for the partnership, and not otherwise." To enforce still further these principles, he relies on *Pothier, traite de société,*

West'n District,  nos. 98, 99, 100 & 101, and the *Curia Philipica,*
Sept. 1824.     *Companeros,* nos. 2 & 3.

PHILLIPS         It is clear from the evidence, that the appel-
*vs.*
PAXTON & AL.  lant was to participate in the profits expected
to be derived from the sale of these goods, and
others, which Paxton had previously pur-
chased; and that this fact, and that of his being
in partnership, were known in the community
where the parties lived. The contract must
therefore be presumed to have been made in
relation to both; for where one of the partners
endeavours to escape from the responsibility
created by a contract by which the whole firm
profited, the *onus* of shewing that he was ex-
cluded, most certainly devolves on him.

Taking it then as a fact, that the vendor of
the goods for which this note was given, sold
them with a knowledge of the appellant being
a partner, and with an eye to his responsibility,
does the selling them to one of the partners, by
his name, prevent recourse against the other?
We have already cited those passages of the
law on which the defendant relies. There is
nothing in them which says, that a contract for
the benefit of a partnership, and binding on
them, may not be made by one partner in his
own name; though it is true, the legislature by

indicating the manner in which debts may be contracted, have authorised the argument, that in pointing out one mode, they intended to exclude all others. This rule of construction is not without its weight; but being one by which intention is *presumed*, and not *expressed*, it is necessarily subject to be modified by all the other considerations and reasons from which a different meaning could be inferred. We deem it however unnecessary to examine the question how far a contract, clearly entered into in relation to one partner alone, would bind dormant partners who participated in its gain; because we believe that this contract was made with the *partnership* through the *name* of one of the partners, and in giving it effect according to the intention of the parties, we do not violate these provisions of the law on which the appellant rests his defence.

The defendants, it is placed beyond doubt, entered into a commercial partnership, and traded in the purchase and the sale of merchandize. The whole business, we find, was transacted in the name of Paxton, and no other used. *Now, if a different name than that of one of the partners be of the essence of the partnership, it will follow that there never was any between*

West'n District,
Sept. 1824.

PHILLIPS
vs.
PAXTON & AL.

*them.* But this conclusion would not be admitted we presume, even by the appellant himself. We are certain it would be in direct opposition to law. For the contract of partnership is that, by which two or more persons agree to put something in common with a view to divide the benefits they expect to make from the same; and only four requisites are necessary to its existence, namely, that each should bring something in either *money, property,* or *industry*—that the contract should be for common benefit—that the parties intend to divide the profits in the proportion to the amount put in—and lastly, that condition which is common to all contracts, that its object should be lawful. *C. C.* 388, 181.

If all these things belong to the agreement, the name then given to their association is of little importance; they may call it what they please; they may give it the denomination of such a one, & co.; of two or more of the partners; of one, or of all; or they may leave it without any. If they resort to the latter mode, as was done in the instance before us, their contracts are not on that account less binding. Any name, used by the consent of all, binds all. It is not the first time this argument has been used in this court, though it has never been be-

fore pressed with so much earnestness; and it
then received from us this answer, that the *nom*
*social* was that which the partners chose to bestow, and that an appellation embracing all the members of the firm was unnecessary. *Ward* vs. *Brant's syndics,* 11 *Martin,* 424,

In this instance, it is in evidence that the partner who is appellant, permitted the other to buy and sell, and carry on the partnership affairs in his own name. We consider this as a clear assent on his part, that the name of this partner should be that of the firm, for all the business done in relation to it. And that it is now too late for him, after hanging out these colours to mankind, to endeavor to escape from the responsibility which in law and in equity and justice he has incurred. *Qui sentit commodum, debet sentire et onus.*

We have not noticed the objection taken to Ogden's testimony, because, under our understanding of the law, enough is shewn by other evidence, to fix responsibility on the appellant.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Thomas, Boyce* and *Scott,* for the plaintiff, *Bullard* and *Baldwin,* for the defendants.